UNITED STATES of America, Appellee,

v.

Norbert E. STELTEN, Appellant.

No. 88–5042.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 18, 1988.

Decided Dec. 8, 1988.

Reconsideration Denied Jan. 9, 1989.

Thomas H. Jensen, Minneapolis, Minn., for appellant.

Donald M. Lewis, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

**PER CURIAM.**

Norbert Stelten appeals from his conviction in district court[1] of tax evasion in violation of 26 U.S.C. § 7201 (1982). We affirm.

Background

The IRS performed an audit of Stelten and discovered that he had failed to report over $30,000 on his 1973 and 1974 tax returns. In June of 1984, as part of an investigation of Stelten, IRS agents tape recorded a conversation that occurred between Stelten, an undercover IRS agent named Daryl Watkins, and a National Commodity and Barter Association (NCBA) paralegal named Dean Salisbury. In this conversation, Stelten explained to Watkins ways in which trusts could be used to lower tax liability. Salisbury made various criticisms of Stelten's theory. Salisbury also described to Watkins how he could open an NCBA account and use it to conduct financial transactions that would escape IRS detection.

At trial, Stelten objected to the admission of the tape on the ground that it was hearsay. The district court found that the tape was not hearsay because it contained statements made by a co-conspirator and therefore overruled Stelten's objection.

Discussion

Stelten's objection to the tape recording focuses exclusively on those portions that contain statements made by Salisbury.[2] He contends that these statements are inadmissible hearsay and that allowing them in evidence without also requiring Salisbury's presence for cross-examination was a violation of his sixth amendment right of confrontation.

The government contends that the district court correctly overruled Stelten's objection on the ground that the evidence involved statements by a co-conspirator.[3]

---

1. The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

2. Stelten presumably has no objection to the portion of the tape that includes his own statements. His own incriminating statements con-

stitute admissions and therefore are not hearsay. Fed.R.Evid. 801(d)(2)(A).

3. In its brief, the government contends that the issue of the admissibility of Salisbury's statements as co-conspirator statements is currently before the court in Stelten's appeal of a separate

We find this to be a troubling matter. There exists a serious question of whether Stelten and Salisbury were actually conspiring to commit criminal acts. Furthermore, even if there was a conspiracy, it is difficult to comprehend how Salisbury's critical comments could be considered to have furthered the objective of the conspiracy.

As an alternative argument, the government has asserted that these statements are not hearsay because they were not offered for their truth. They were instead introduced " 'to make [Stelten's] responses intelligible to the jury and recognizable as admissions[.]' " *United States v. Jordan*, 810 F.2d 262, 264 (D.C.Cir.), *cert. denied*, 481 U.S. 1032, 107 S.Ct. 1963, 95 L.Ed.2d 535 (1987), (quoting *United States v. Lemonakis*, 485 F.2d 941, 948 (D.C.Cir.1973), *cert. denied*, 415 U.S. 989, 94 S.Ct. 1586, 39 L.Ed.2d 885 (1974)). Because there is no reason to test Salisbury's credibility, the introduction of his statements neither violated the hearsay rule nor the right of confrontation. *Id.*

A number of circuits have adopted the rule followed by the *Jordan* case concerning tape recorded conversations between a defendant and a third party. *See United States v. Gutierrez–Chavez*, 842 F.2d 77, 81 (5th Cir.1988); *United States v. Price*, 792 F.2d 994, 996–97 (11th Cir.1986); *United States v. Whitman*, 771 F.2d 1348, 1351–52 (9th Cir.1985); *United States v. Murray*, 618 F.2d 892, 900 (2d Cir.1980). This rule is premised on the notion that the third-party statements are not hearsay because they are not offered for the truth. Even where this is not the case,

> [t]he only incriminating statements of the [third-party] to be taken as true are those which, in the judgment of the jury, were adopted by appellant, and while that does make the informant's statements hearsay evidence, their adoption by the appellant brings them within a long-recognized hearsay exception. [Footnote omitted] *Sparf v. United States*, 156 U.S. 51, 56, 15 S.Ct. 273, [275,] 39 L.Ed. 343 (1895). Insofar as

conviction. *United States v. Stelten,* 867 F.2d 446

hearsay considerations do operate here, we cannot say that the exclusionary principles embodied in the Confrontation Clause nullify the well-established reasons for making such admissions exceptions to the hearsay rule. *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

*United States v. Lemonakis,* 485 F.2d 941, 949 (D.C.Cir.1973), *cert. denied,* 415 U.S. 989, 94 S.Ct. 1586, 39 L.Ed.2d 885 (1974).

While we question whether this evidence was properly characterized as statements by a co-conspirator, we believe that Salisbury's statements are properly admissible to ensure the completeness and intelligibility of Stelten's admissions. Salisbury's tape recorded statements were therefore properly admitted in evidence.

The judgment of conviction is affirmed.

## ON MOTION FOR RECONSIDERATION

Petitioner has filed a petition for rehearing. He asserts that this court has ignored his pro se brief and has not passed on the issues involved. Petitioner had appointed counsel. In addition, he filed a pro se brief which was not timely. Nevertheless the court did review the issues raised by petitioner and found them to be frivolous claims. The court did not require the government to respond to these claims on the basis that they are frivolous and have no substantive merit on appeal. The court has again reviewed these claims and finds that the claims are indeed frivolous. The motion for reconsideration is denied.