# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1311

_____

United States of America,  *
                           *
        Plaintiff – Appellee,  *
                           *  Appeal from the United States
    v.                     *  District Court for the Eastern District
                           *  of Missouri.
Warren McKinney,           *
                           *  [UNPUBLISHED]
        Defendant – Appellant.  *

_____

Submitted: September 24, 2009
Filed: September 29, 2009

_____

Before BYE, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

A jury found Warren McKinney guilty of two counts of aggravated sexual abuse in violation of 18 U.S.C. § 2241(c), and three counts of transportation of a minor for purpose of a criminal sex act in violation of 18 U.S.C. § 2423(a). The district court[1] sentenced him to life imprisonment on the former and thirty years' imprisonment on the latter, followed by a lifetime of supervised release.

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Although McKinney was charged with sexually assaulting his girlfriend's daughter, there was testimony at trial related to other victims. Such evidence is admissible under Federal Rule of Evidence 414(a). In relevant part, McKinney's sisters, Dora McCullen, Mamie McKinney, and Debbie Deadmond, testified that McKinney's daughter, KM, had a conversation with Mamie. After this conversation, the sisters decided to confront McKinney about molesting KM. When confronted, McKinney admitted molesting KM. McKinney appeals the admission of testimony relating to the conversation between Mamie and KM.[2]

We review a district court's evidentiary rulings for abuse of discretion. United States v. Lucas, 521 F.3d 861 (8th Cir. 2008). We begin by noting the district court did not allow testimony directly stating the content of the conversation between Mamie and KM, although arguably the content of the conversation was implicitly revealed. To the extent it was admitted into evidence, the conversation was not hearsay because it was not offered for the truth of the matter asserted, but to make McKinney's admission to molesting KM complete and intelligible. See United States v. King, 351 F.3d 859, 865 (8th Cir. 2003); United States v. Stelten, 867 F.2d 453, 454 (8th Cir. 1988). Further, even if KM's statement that McKinney molested her was offered for the truth, McKinney adopted it by admitting to molesting her, so this statement is not hearsay under Rule 801(d)(2)(B). See King, 351 F.3d at 865.

Admission of this evidence was not unfairly prejudicial. It is true that Rule 414(a) evidence is subject to Rule 403's balancing test. United States v. Summage, ---F.3d---, 2009 WL 2341856, at *9 (8th Cir. July 31, 2009); United States v. Bentley, 561 F.3d 803, 815 (8th Cir. 2009). However, "[b]ecause propensity evidence is

---

[2]In his opening brief, McKinney indicated he was also challenging the sufficiency of the evidence on appeal. He, however, failed to make any argument on this point, and thus has abandoned the issue. See United States v. Aldridge, 561 F.3d 759, 765 (8th Cir. 2009) ("Because the brief does not support this assertion with any argument, this court deems the issue abandoned.") (collecting cases).

admissible under Rule 414, the fact that evidence of prior acts suggests a propensity to molest children, is not <u>unfair</u> prejudice." <u>Summage</u>, 2009 WL 2341856, at *9 (emphasis in original). We therefore find its admission was not unfairly prejudicial.

 We affirm the district court.

_____