**UNITED STATES of America,**
**Appellee,**

v.

**Joseph Bertram FISHER, Appellant.**
**No. 14755.**

United States Court of Appeals,
Fourth Circuit.
April 16, 1971.

Lee M. Modjeska, Washington, D. C., on brief for appellant.

George Beall, U. S. Atty., and Charles G. Bernstein, Asst. U. S. Atty., on brief for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Joseph Bertram Fisher appeals from his conviction, by the district court without a jury, for receipt and concealment of a stolen motor vehicle in violation of 18 U.S.C. § 2313. The vehicle was moving in interstate commerce from the State of Florida to the State of Maryland. The United States Government moved to dismiss the appeal and, in the alternative, moved for summary affirmance. The appellant filed an opposition to the government's motion to dismiss. Counsel for the appellant then moved for leave to withdraw as counsel, but later filed a motion to withdraw the latter motion. We find oral argument unnecessary and summarily affirm.

Appellant assigned error in four particulars. First, it is urged there was insufficient evidence to support the verdict. There is ample evidence to support the court's finding of guilt, and the contention is without merit.

Secondly, appellant excepts to the refusal of the government to disclose the name of the informer. This contention is without merit. A careful reading of the transcript revealed that ap-

pellant's counsel did not ask for the identity of the informer, but only asked if he (informer) was to be presented at the trial. Furthermore, the informant was used only for the limited purpose of obtaining a search warrant. It is well established that the government is privileged to withhold the identity of such informants. See Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957); United States v. Whiting, 311 F.2d 191, 195 (4th Cir. 1962), cert. denied, 372 U.S. 935, 83 S.Ct. 882, 9 L. Ed.2d 766 (1963).

 Thirdly, appellant insists that there was no probable cause for the issuance of the search warrant. Where there are no objections to the search warrant before or during the trial, as here, the requirement of Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U. S.C., is construed by other circuits to mean that the question of probable cause is not properly before the court for review. See United States v. Wenner, 417 F.2d 979 (8th Cir. 1969), cert. denied, 396 U.S. 1047, 90 S.Ct. 700, 24 L.Ed.2d 692 (1970); Matthews v. United States, 407 F.2d 1371 (5th Cir. 1969); Fuller v. United States, 132 U.S.App.D.C. 264, 407 F.2d 1199 (1968), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1968); Williams v. United States, 323 F.2d 90 (10th Cir. 1963), cert. denied, 376 U.S. 906, 84 S.Ct. 659, 11 L.Ed.2d 605 (1963).

Even if objection to the search had been timely made, we could not presently review the question on this record, for the affidavit supporting the warrant was not sent up.

 This is not to prejudice or preclude appellant's right to apply for relief in a § 2255 proceeding if he is so advised. United States v. Mandello, 426 F. 2d 1021 (4th Cir. 1970).

 Fourthly, appellant urges that undue weight was accorded to the fact of possession of recently stolen property. In United States v. Ross, 424 F.2d 1016, 1020 (4th Cir. 1970), we held that possession of recently stolen property justi-

fies an inference that the possession was with the knowledge that the property was stolen. The evidence in this case justifies the inference that Fisher knew that the motor vehicle was stolen.

Affirmed.