945 F.2d 398
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nicholas James PAPPAS, Defendant-Appellant.
 No. 91-5645.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 29, 1991.
Decided Sept. 27, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., District Judge. (CR-90-227-WS)
 Walter C. Holton, Jr., Holton & Menefee, Winston-Salem, N.C., for appellant.
 Robert H. Edmunds, United States Attorney, Paul A. Weinman, Jr., Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Nicholas James Pappas appeals from his conviction of possession of cocaine with the intent to distribute. Because the district court did not abuse its discretion in declining to impose sanctions against the prosecutor for failing to disclose the identity of a government informant and because the court's determination of the quantity of drugs involved in the offense was not clearly erroneous, we affirm his conviction.
 
 
 2
 Police officers searched Pappas's home pursuant to a search warrant based on a confidential informant's controlled purchase of drugs from the house. Pappas rented the house and a co-defendant rented a room from him. The search uncovered cocaine in the co-defendant's bedroom, a larger quantity of cocaine in the basement, and drug paraphernalia. Both Pappas and the co-defendant possessed large amounts of cash when the police searched the house.
 
 
 3
 Before trial, the defense moved for disclosure of the informant's identity. Defense counsel admitted that he did not know what information the informer could provide, but he speculated that he could disclose who actually sold him the drugs and provide information concerning Pappas's knowledge of drugs in the house. After a suppression hearing in the co-defendant's case, the court directed the prosecutor to disclose the name of the informant. On the following day, the court denied the government's motion for reconsideration of that ruling. Then, at another hearing on the government's refusal to disclose the name, the court took the matter under advisement. The court then issued a memorandum opinion in which it found that the informant's testimony would be of no benefit to the defendant's fourth amendment claims. The court denied a defense motion to reconsider and Pappas entered a guilty plea conditional on his appeal to this Court.
 
 
 4
 Pappas argued in the district court and asserts on appeal that because the United States Attorney did not comply with the court's original order to disclose the name of the informant, the court should have sanctioned the government by dismissing the case. The government counters that the court's memorandum opinion which found that disclosure would be of no benefit to the defense rendered the sanctions issue moot.
 
 
 5
 It is recognized that defendants are entitled to know the identity of informants when the informant's testimony "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." Roviaro v. United States, 353 U.S. 53, 60-61 (1957). Of course, the defendant must give a reason which justifies disclosure. United States v. Pitt, 382 F.2d 322 (4th Cir.1967). Mere speculation will not suffice. United States v. Smith, 780 F.2d 1102, 1108 (4th Cir.1985). Disclosure is only required after a finding that the informant's testimony is highly relevant. Id. Finally, this Court has held that an informant's identity was properly withheld when "the informant was used only for the limited purpose of obtaining a search warrant." United States v. Fisher, 440 F.2d 654, 656 (4th Cir.1971). The district court's decision is reviewed for an abuse of discretion. Smith, 780 F.2d at 1108.
 
 
 6
 Pappas was not charged with a crime that directly involved the informant. Rather, the controlled purchase involving the informant was used solely as a means to obtain a warrant to search Pappas's house. The defense admitted that they could only speculate on the usefulness of the informer's testimony. Therefore, the district court did not abuse its discretion in determining that Pappas's fourth amendment claims were not prejudiced by the government's refusal to disclose the informer's identity. Because the government was not required to disclose the informant's identity, Pappas was not entitled to dismissal of his case.
 
 
 7
 Pappas next asserts that the district court erred when it considered at his sentencing hearing a quantity of cocaine found in the codefendant's bedroom. Pappas's presentence report notes that 4.56 grams of cocaine were found in the bedroom and 20.68 grams were found in the basement. At his sentencing hearing, Pappas accepted responsibility for the cocaine found in the basement, but contended that he had no knowledge of the drugs found in the bedroom. The court found that "the drug amounts are correctly calculated as set out in the presentence report, and the Court adopts the presentence report."
 
 
 8
 Because the quantity of the drug is a sentencing factor under 21 U.S.C. § 841(b)(1)(A), not an element of the offense, the government need only prove the quantity by a preponderance of the evidence. United States v. Powell, 886 F.2d 81 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3527 (U.S.1990). Where the defendant and the government differ over the amount of drug involved, the district court should determine the correct quantity after specific fact finding. United States v. Goff, 907 F.2d 1441 (4th Cir.1990). The district court's findings about the quantity of drugs implicated by the crime are factual findings which are reviewed on a clearly erroneous basis. United States v. Wilson, 896 F.2d 856, 858 (4th Cir.1990); United States v. Thomas, 870 F.2d 174, 176 (5th Cir.1989). Constructive possession exists "when the defendant exercises, or has the power to exercise, dominion and control over the item." United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980).
 
 
 9
 Pappas's father testified at a motions hearing that each of the two bedrooms had a separate padlock on the door, but he admitted when questioned by the court that he did not know whether his son had a separate key for each lock. The co-defendant testified that he possessed a key to the lock on his room, but Pappas did not. He stated that the locks were "regular keyed locks" and that he kept the door locked when he slept in the room and when he left the room. A police officer who executed the search warrant testified that the door to the bedroom was unlocked when he conducted his search and that he found the co-defendant lying on his bed. He continued that drug paraphernalia was found in the house, that each defendant possessed a large amount of cash, and that Pappas had a plastic bag containing cocaine residue in his pocket.
 
 
 10
 Since Pappas possessed a large sum of cash and some drugs on his person, and since the police officer's testimony indicated that the codefendant's bedroom door was not always locked, the district court's finding that the amount of cocaine in the bedroom should be attributed to Pappas was not clearly erroneous. Pappas had the power to exercise dominion and control over the drugs in the co-defendant's bedroom. We therefore affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.