972 F.2d 343
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felicia Ann FLEMING, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Lenard FLEMING, Defendant-Appellant.
 Nos. 91-5115, 91-5118.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 28, 1992
Decided: August 10, 1992
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., District Judge. (CR-91-33-WS)
 Daniel Smith Johnson, Wilson, Degraw, Johnson & Rutledge, Winston-Salem, North Carolina, for Appellant Felicia Fleming; Walter C. Holton, Jr., Holton & Menefee, Winston-Salem, North Carolina, for Appellant Steven Fleming.
 Robert H. Edmunds, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 Affirmed.
 Before HALL, PHILLIPS, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Felicia Fleming pled guilty to possession of crack cocaine with intent to distribute (21 U.S.C. § 841 (1988)) and Steven Fleming, her brother, was found guilty by a jury of the same offense. Steven Fleming appeals his conviction and sentence; Felicia Fleming appeals her sentence. We affirm.
 
 
 2
 Within seventy-two hours after a confidential informant bought crack at Felicia Fleming's residence, police executed a search warrant there. During the search, Steven told police he did not live in the house; however, in an upstairs bedroom, police found his current driver's license, his social security card, and a hospital bill in his name. In the same room they found .13 grams of crack. When this discovery was called by the officers upstairs to the officer acting as evidence custodian, Steven told his sister, "They found the rocks in my bedroom." In the other bedroom, 51.34 grams of crack were found, as well as $2083 in cash in a paper bag. When the officers were heard to say that they had found a large sum of money, Steven said to Felicia, "They found your money," and she nodded affirmatively. Felicia was carrying two rocks of crack (.18 grams) and $172.18 in her pockets. Steven had a pager in his pocket.
 
 
 3
 Felicia and Steven Fleming were charged with identical conduct in one indictment. On the day scheduled for their joint trial, Felicia pled guilty. She then testified at Steven's trial that he did not live in the house and did not know drugs were present there, although he did know she had the bag of cash. She said the drugs belonged to a friend whom she refused to identify.
 
 
 4
 Steven challenges a number of the district court's rulings during his trial. First, he contends that the statements he made to Felicia during the search should have been suppressed because they were made without Miranda[1] warnings in a situation which was tantamount to a custodial interrogation. He points out that he was asked for identification when police entered the house, and that the officer who overheard his remarks to Felicia engaged him in casual conversation briefly while the search was being conducted. Miranda warnings are required when either express questioning of a person in custody or its functional equivalent takes place. Rhode Island v. Innis, 446 U.S. 291 (1980). However, the taking of basic personal information such as identity does not constitute interrogation. United States v. Taylor, 799 F.2d 126 (4th Cir. 1986), cert. denied, 479 U.S. 1093 (1987). Casual conversation is not interrogation and statements of agents about evidence which are not designed to elicit an incriminating response are not interrogation. United States v. Payne, 954 F.2d 199 (4th Cir.), cert. denied, 60 U.S.L.W. 3716 (U.S. 1992). Therefore, we find no error in the district court's denial of the motion to suppress.
 
 
 5
 Steven Fleming also argues that a mistrial should have been granted after the government tried to bring in evidence of his four prior state drug convictions in cross-examining Felicia, who had testified for the defense. The prosecutor said, "And he has, I believe, four state convictions-" At this point, defense counsel objected and the district court immediately instructed the jury to disregard the question and any inference that Steven Fleming had a prior drug conviction or a criminal record of any kind. Although Steven contends that this was insufficient to overcome the prejudice to him, we find that any possible error was harmless, see Fed. R. Crim. P. 51(a), and any prejudice was cured by the district court's instruction.
 
 
 6
 We find no error in the district court's decision to deny Steven's motion to acquit at the close of the government's evidence. Given that his driver's license, social security card, and hospital bill were found in a bedroom with several rocks of crack, and that he stated, "They found the rocks in my room," there was sufficient evidence to submit the case to a jury.
 
 
 7
 Further, we do not find that the district court abused its discretion in denying Steven's motion for disclosure of the confidential informant's identity or in admitting the brief testimony of a police officer about the use of pagers in drug trafficking. The district court properly allowed the officer, who had both experience and training in dealing with drug offenses, to testify generally that, in his opinion, drug dealers often use pagers to keep in touch with their clients. Disclosure of a confidential informant's identity is required only when his testimony is highly relevant to the defense or essential to the fair determination of a cause. Roviaro v. United States, 353 U.S. 53, 60-61 (1957). When, as here, the informant was used only to obtain a search warrant, and not in connection with the offense charged, his identity need not be disclosed. United States v. Fisher, 440 F.2d 654, 656 (4th Cir. 1971). Although Steven argues that the informant could have corroborated his defense by helping to establish whether the crack found in the search belonged to a third person in the house at the time of the controlled buy, Steven's offense involved only the crack in the house at the time of the search. What assistance the informant might have provided to his defense against this charge was mere speculation.
 
 
 8
 Finally, both Steven and Felicia Fleming contest findings made by the district court during sentencing. The court found that the whole 51.65 grams of crack was relevant conduct properly used to compute Steven's sentence because he told the probation officer he had been living with Felicia since he got out of jail about two months before the search, he had previous convictions for selling cocaine, and although unemployed, he was in possession of a pager, a common tool of drug traffickers. These circumstances permitted the court to find by a preponderance of the evidence that Steven was aware of drugs being sold in the house and was a participant in the drug trafficking. The court's factual determination is not clearly erroneous. There was no basis for a finding that Steven had a lesser role in the offense or had accepted responsibility for his criminal conduct, and we find no clear error in these rulings.
 
 
 9
 Felicia Fleming contests the two additional offense levels she received for obstruction of justice, and the failure to award her a reduction for acceptance of responsibility. Perjury in the instant offense is conduct to which the obstruction of justice guideline applies. U.S.S.G. § 3E1.1, comment. (n.3(a)). A sentencing court's factual finding that a defendant committed perjury is reviewed for clear error.[2] Felicia argued at her sentencing hearing that her testimony was not demonstrably untrue. The district court found incredible, as had the jury, her testimony at Steven's trial that the crack belonged to a third person and that Steven had no knowledge of it. The court's finding that her testimony was perjured, and that an increase in offense level for obstruction of justice was warranted, is not clearly erroneous.[3] A downward adjustment for acceptance of responsibility is not available to a defendant who obstructs justice except in extraordinary circumstances which are not present here. U.S.S.G. § 3E1.1, comment. (n.4). The court's decision not to make this adjustment was not clearly erroneous.
 
 
 10
 We therefore affirm Steven Fleming's conviction and the sentences of both Steven and Felicia Fleming. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 United States v. Dunnigan, 944 F.2d 178 (4th Cir. 1991), does not apply because Felicia Fleming pled guilty and was not testifying in her own defense
 
 
 [3]
 On appeal, Felicia appears to argue for the first time that her testimony, if perjurious, was not part of her own instant offense. Obstruction of justice can include misleading or false information given by a defendant about a codefendant's involvement in the offense. See United States v. Williams, 922 F.2d 737 (11th Cir. 1991) (refusal to testify at co-defendant's trial constitutes obstruction of justice); United States v. Dyer, 910 F.2d 530 (8th Cir. 1990) (defendant who admitted her crimes at trial but testified that codefendant had nothing to do with them obstructed justice). Therefore, we find that the court did not commit plain error in finding that Felicia's testimony at Steven's trial was part of the instant offense