105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard L. GRIFFIN, Defendant-Appellant.
 No. 95-3489.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 8, 1996.*
Decided Dec. 9, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Richard L. Griffin was convicted of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). At sentencing, he received a four-level increase under U.S.S.G. § 2K2.1(b)(5) for possession of a firearm in connection with another felony. On appeal, Griffin challenges: (1) the district court's denial of his motion to suppress and request for a Franks hearing; (2) the sufficiency of the evidence underlying the jury's guilty verdict; and (3) the four-level increase under U.S.S.G. § 2K2.1(b)(5).
 
 
 2
 Police officers searched Griffin's residence after obtaining a search warrant. During the search, police officers discovered a loaded Colt .45 pistol in a dresser drawer in Griffin's bedroom. They also uncovered marijuana and cocaine, plus indicia of drug dealing from the same drawer.
 
 
 3
 Griffin contends that the search warrant was issued without probable cause because the affidavit in support was based on hearsay information from an anonymous informant. Appellate review of the district court's determination of probable cause for a search warrant is deferential. Ornelas v. United States, 116 S.Ct. 1657, 1663 (1996).[1] As the reviewing court, we must take care "both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Id. Probable cause is determined by a totality of the circumstances approach; "probable cause is a fluid concept--turning on the assessment of probabilities in particular factual contexts--not readily, or even usefully, reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232 (1983).
 
 
 4
 Here, the police received an anonymous tip that marijuana and cocaine were sold at 4420 N. Sheridan Avenue, Indianapolis, Indiana by a black man named Rick. As a result of the anonymous tip, a police officer watched the location of the alleged drug activity. During surveillance, the officer observed three individuals drive to Griffin's residence at 4420 N. Sheridan Avenue, go into the building and stay for about 40 minutes, then return to their vehicle. The police stopped the vehicle for a narcotics investigation. It was then discovered that the individuals possessed the type of drugs referred to in the anonymous tip and at least one individual told the police he had purchased the drugs from a black man named Rick. In cases involving anonymous tips, partial corroboration by police officers or other informants can make the tip sufficiently reliable, as it has done so here. See id., at 1125. Additionally, the anonymous informant's familiarity with the specific information as to Griffin's address, description of the drugs, and partial description of Griffin establishes the reliability of the informant. See United States v. Pless, 982 F.2d 1118, 1125 (7th Cir.1992). Thus, the affidavit provides the required basis for this court to conclude that probable cause did exist.
 
 
 5
 Griffin also asserts that the district court erred by denying him an evidentiary hearing regarding alleged material misstatements in the search warrant affidavit. See Franks v. Delaware, 438 U.S. 154 (1978). This court reviews a district court's refusal to hold a Franks hearing for clear error, presuming that the affidavit in support of the search warrant is valid. United States v. Walker, 25 F.3d 540, 544 (7th Cir.), cert. denied, 115 S.Ct. 371 (1994). To overcome this presumption, the defendant seeking a Franks hearing is required to make a "substantial preliminary showing" that: (1) the affiant intentionally or recklessly included false information in the affidavit; and (2) the false statements were material, that is, necessary for a finding of probable cause. Franks, 438 U.S. at 155-56; United States v. McAllister, 18 F.3d 1412, 1416 (7th Cir.1994).
 
 
 6
 Griffin's basis for a Franks hearing is an affidavit by Douglas Hinegardner, one of the individuals stopped by the police after visiting Griffin's residence. Griffin asserts that Hinegardner's affidavit supports the inference that the police officer intentionally or recklessly misrepresented the facts in the search warrant affidavit because the facts vary from Hinegardner's affidavit. Hinegardner's affidavit states that he was the only person who went into Griffin's residence and that he was the only one to purchase drugs there. However, this variance is not enough to infer that the police officer intentionally or recklessly made false misstatements in the search warrant affidavit. Further, Griffin fails to argue that the facts were material as required under Franks. Therefore, we agree with the district court and conclude that Griffin has not made a substantial preliminary showing to overcome the presumption that the police officer's affidavit was valid.
 
 
 7
 Griffin next claims that there was insufficient evidence to support his conviction of possession of a firearm by a felon under 18 U.S.C. § 922(g)(1). Griffin is only contesting whether he knowingly possessed the firearm. See United States v. Garrett, 903 F.2d 1105, 1110 (7th Cir.), cert. denied, 498 U.S. 905 (1990). He bases his claim on the trial court testimony of his cousin, Derrick Griffin, the alleged owner of the gun.
 
 
 8
 However, we conclude that the evidence, viewed in a light most favorable to the government, is sufficient to support a finding of Griffin's constructive possession for the purposes of § 922(g)(1). Constructive possession may be established when the evidence demonstrates that the defendant knowingly had the power and intention to exercise dominion and control over the firearm. United States v. Garrett, 903 F.2d 1105, 1110 (7th Cir.), cert. denied, 498 U.S. 905 (1990). Power and intention may be inferred when the defendant exercises exclusive control over the premises where the firearm is kept, as here where it was established at trial that the only person living at the residence was Richard Griffin. See United States v. Galiffa, 734 F.2d 306, 316 (7th Cir.1994). Last, we defer to the inferences deduced by the jury and the weight it gave the evidence; therefore, it is reasonable to believe that the jury discounted Derrick Griffin's testimony asserting that he was the owner of the gun. See United States v. Hill, 40 F.3d 164, 166-67 (7th Cir.1994), cert. denied, 115 S.Ct. 1385 (1995).
 
 
 9
 Last, Griffin contends that the district court's finding that he possessed a firearm in connection with another felony within the meaning of U.S.S.G. § 2K2.1(b)(5) was erroneous. We review the district court's factual determinations at sentencing for clear error and "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); See also Koon v. United States, 116 S.Ct. 2035, 2046 (1996). We review the district court's interpretation of the guidelines de novo. United States v. Ramirez, 94 F.3d 1095, 1099 (7th Cir.1996).
 
 
 10
 Griffin contends that the court used unreliable hearsay testimony in making factual conclusions, yet the record does not substantiate this argument. The district court increased Griffin's base offense four points after considering the Magistrate Judge's pre-trial detention order and hearing, the trial transcripts, and Griffin's motions in limine. The district court relied upon the factual circumstances that the gun was found loaded, with additional ammunition and a large quantity of drugs in the same dresser drawer. Further, the illegal drugs found in the drawer were the same as being distributed earlier that evening as uncovered by the police. Because the trial court bases its sentencing determinations on the evidence in the record and its own credibility evaluations, we conclude that the district court did not err when it found that these facts showed a clear connection between the firearm and the drug trafficking.
 
 
 11
 Griffin also argues that Bailey v. United States, 116 S.Ct. 501 (1995) requires that the government must establish his active employment of a firearm to justify the four-level increase under U.S.S.G. § 2K2.1(b)(5). Recently, this court determined the application of § 2K2.1(b)(5) under similar circumstances, concluding that Bailey did not alter the interpretation of the § 2K2.1(b)(5). United States v. Patterson, 97 F.3d 192, 196 (7th Cir.1996). In Patterson, we concluded that it could be inferred by the proximity of the firearm to three pounds of marijuana in the trunk of a car, that the firearm was being possessed for the purpose of drug activity. Id. This conclusion is further supported in United States v. Carmack, 96-1568 & 96-2226 slip op. at 18 (7th Cir. Nov. 15, 1996), which involved U.S.S.G. § 2D1.1(b)(1). In Carmack, we relied on Patterson for the conclusion that: "Proximity between the firearm and drugs is an appropriate test for determining whether the gun was possessed in connection with the drug offense...." Id. at 18 (emphasis in original).
 
 
 12
 Here, police officers searched Griffin's residence discovering a loaded Colt .45 pistol in a dresser drawer in Griffin's bedroom, along with marijuana, cocaine, and indicia of drug dealing. The firearm's proximity to the drugs and drug paraphernalia clearly indicates possession under § 2K2.1(b)(5). Thus, we conclude that the four-point increase was proper.
 
 
 13
 AFFIRMED.
 
 
 
 *
 On July 11, 1996, this court vacated oral argument originally scheduled for September 6, 1996. Having concluded that oral argument was unnecessary, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Although by way of dicta contained in a footnote in United States v. Hunter, 86 F.3d 679, 681 n. 1. (7th Cir.1996), the Supreme Court in Ornelas specifically recognized the preference for searches conducted pursuant to a warrant and that the level of scrutiny applied to a magistrate's probable cause determination is less than warrantless searches. Ornelas, 116 S.Ct. at 1663