# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2398WM

_____

| | | |
|---|---|---|
| United States, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Rodney L. Hollis, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 9, 2001
Filed:      April 3, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN, Circuit Judge, and JONES[1], District
Judge.

_____

JONES, District Judge.

Defendant, Rodney L. Hollis, entered a conditional plea of guilty to one count
of possession of methamphetamine with intent to distribute, and one count of

_____

[1]The Honorable John B. Jones, United States District Judge for the District of
South Dakota, sitting by designation.

possession of marijuana with intent to distribute, both violations of 21 U.S.C. § 841(a)(1).  Hollis now appeals the refusal of the district court[2] to hold a <u>Franks</u>[3] hearing to allow him to challenge the validity of a government search warrant.  He also appeals the district court's denial of his requests for government disclosure of the identity of the confidential informant whose statements helped obtain the search warrant and disclosure of any offers of leniency made to the informant by law enforcement.  We affirm.

## I.

On July 22, 1999, during the execution of a search warrant, law enforcement officers seized marijuana, methamphetamine and drug paraphernalia from the home of Rodney Hollis.  The search warrant was based on the affidavit of a Missouri state trooper, who stated that an informant had told him that "a large quantity of methamphetamine" was being kept at Hollis's residence, and that the informant had seen methamphetamine there in the previous ten days.  In his affidavit, the trooper stated that the informant had given reliable information on numerous occasions during the previous two years.  The trooper also stated that he had verified the informant's description of the residence and that it belonged to Hollis.

There is some evidence that the state trooper did not put everything the informant told him into the affidavit.  At a hearing before the magistrate judge, another law enforcement officer testified that the informant said he or she had been to Hollis's home with a woman who purchased methamphetamine there.  The trooper's affidavit does not mention this purchase.

---

[2]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, acting on the Report and Recommendation of United States Magistrate Judge James C. England.

[3]<u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

Hollis attempted to obtain a <u>Franks</u> hearing on the validity of the search warrant by questioning the veracity of the affidavit. At the hearing before the magistrate judge, the defense produced a witness who claimed to be the woman who had visited Hollis's home with the informant in July 1999. This defense witness testified that she did not buy drugs at the residence, and that neither she nor the informant saw drugs there on that occasion. Based on the magistrate judge's report and recommendation, the district court refused to grant a <u>Franks</u> hearing, and refused to order disclosure of either the identity of the confidential informant or any offers of leniency made to the informant by law enforcement.

## II.

A district court's refusal to grant a <u>Franks</u> hearing is reviewed for abuse of discretion. <u>See</u> <u>United States v. Fairchild</u>, 122 F.3d 605, 610 (8th Cir. 1997). The same standard is applied to a district court's refusal to compel disclosure of the identity of a confidential informant. <u>See</u> <u>United States v. Wright</u>, 145 F.3d 972, 975 (8th Cir. 1998).

### A.    <u>Franks Hearing</u>

Under the Fourth Amendment, law enforcement officers may not obtain a search warrant through statements which are intentionally or recklessly false. <u>See</u> <u>Franks v. Delaware</u>, 438 U.S. 154, 164-65 (1978). Although a search warrant affidavit is presumed to be valid, a defendant may obtain a hearing on the validity of the warrant by making a substantial preliminary showing that the affidavit contains a material statement by the affiant which is deliberately false or which was made with reckless disregard for the truth. <u>See</u> <u>id.</u> at 170-71; <u>United States v. Moore</u>, 129 F.3d 989, 992 (8th Cir. 1997).

Hollis did not offer any evidence that the state trooper's sworn statements in support of the search warrant were deliberately or recklessly false. The omission of information about a drug sale which the informant may have provided to law enforcement did not render the affidavit false or misleading. There is no evidence that the state trooper believed or had reason to suspect that the informant was lying about the presence of drugs at the residence.

The testimony of the defense witness who claimed to have visited Hollis's home with the confidential informant does in some respects contradict the statements of the informant. The Supreme Court's decision in Franks, however, does not allow a defendant to impeach the statements of a "nongovernmental informant." See Franks, 438 U.S. at 171. To obtain a Franks hearing based simply on purported falsehoods of a confidential informant, the defendant must show that the confidential informant was in fact acting as a government agent. United States v. McAllister, 18 F.3d 1412, 1417 (7th Cir. 1994).

The most important factors in determining whether a private citizen was acting as an agent of the government are whether the government acquiesced in the citizen's improper conduct, and whether the citizen was acting to assist law enforcement or to further his own ends. See United States v. Marlbrough, 922 F.2d 458, 462 (8th Cir. 1990). Hollis has not shown that law enforcement acquiesced in the confidential informant's allegedly false statements, or that the informant had a public-spirited, as opposed to a self-serving, reason for providing those statements to law enforcement. Likewise, there is no evidence that the confidential informant acted on anything other than his or her own initiative in providing the information to law enforcement. Hollis failed to show that the confidential informant was acting as a government agent. Under these circumstances, the magistrate judge was not required to hold a Franks hearing. See McAllister, 18 F.3d at 1417-18.

B.    Identity of the Confidential Informant

The Constitution does not require that prosecutors disclose the identity of confidential informants in every case.  See McCray v. Illinois, 386 U.S. 300 (1967).  To justify the compelled disclosure of a confidential informant's identity, a defendant must show that his right to the information outweighs the government's traditional privilege to withhold it.  See Roviaro v. United States, 353 U.S. 53, 59-62 (1957).  "In order to override the government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case."  United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991).

Under this standard, the identity of a "tipster" whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion.  See Moore, 129 F.3d at 992.  The confidential informant in this case did not participate in the offense charged against Hollis, and the government stated that it did not intend to call the informant as a witness at trial.  There was, accordingly, no obligation on the part of the government to reveal the informant's identity.

C.    Offers of Leniency

Hollis does not cite any direct authority in support of his argument that the government was required to disclose offers of leniency made to the confidential informant.  In any event, government witnesses did disclose, in their testimony before the magistrate judge, that the confidential informant was not offered any leniency in exchange for the information on which the affidavit was based.  Hollis's appeal of this issue is moot.

## III.

Hollis failed to make a substantial preliminary showing that the state trooper's statements in his affidavit were deliberately or recklessly false, or that the confidential informant on whose statements the affidavit was based was acting as government agent. He was not entitled to disclosure of that informant's identity, and his request for disclosure of offers of leniency was satisfied by the testimony of government witnesses.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.