**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4002

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERNEST FREDERICK HODGES, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CR-05-40)

Submitted: January 26, 2007     Decided: February 21, 2007

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William H. Lindsey, WILLIAM H. LINDSEY, P.C., Salem, Virginia, for Appellant. Ronald Andrew Bassford, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Ernest Frederick Hodges, Jr., was convicted on one count of possession of a firearm by a convicted felon and one count of possession of ammunition by a convicted felon, both in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2000 & Supp. 2006). The district court sentenced Hodges to concurrent terms of 220 months' imprisonment. Hodges timely appealed.

Hodges' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but contending that the district court abused its discretion by failing to order the government to divulge the identity of the confidential informant whose information formed the basis for the search warrant of Hodges' home. Hodges was informed of his right to file a pro se supplemental brief but he has not filed one.

A defendant bears the burden of proving that he is entitled to know the identity of a confidential informant. Rugendorf v. United States, 376 U.S. 528, 534-35 (1964). Disclosure of the identity of an informant is required when the informant's testimony is highly relevant "to the defense of an accused, or essential to a fair determination of a cause." Roviaro v. United States, 353 U.S. 53, 60-61 (1957); United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985). Where the

- 2 -

informant is used only for the purpose of obtaining a search warrant, and not in connection with the offense charged, the informant's identity need not be disclosed. United States v. Gray, 47 F.3d 1359, 1365 (4th Cir. 1995); United States v. Fisher, 440 F.2d 654, 656 (4th Cir. 1971). The district court's decision concerning whether to require the revelation of a confidential informant's identity is reviewed for abuse of discretion. United States v. Hollis, 245 F.3d 671, 673 (8th Cir. 2001); Smith, 780 F.2d at 1108.

In this case, the informant was used only to obtain a search warrant for Hodges' residence to search for indicia of heroin trafficking. The charges against Hodges were not based on heroin trafficking but on firearms and ammunition found in Hodges' home when it was searched pursuant to the warrant. We therefore find that the district court did not abuse its discretion in declining to compel the government to divulge the informant's identity.

Consistent with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Hodges' convictions and sentence. This court requires that counsel inform Hodges, in writing, of the right to petition the Supreme Court of the United States for further review. If Hodges requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hodges.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>