# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1289
_____

United States of America

*Plaintiff - Appellee*

v.

Torrioan L. Neal

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 14, 2020
Filed: June 22, 2020
[Unpublished]

_____

Before KELLY, BEAM, and KOBES, Circuit Judges.

_____

PER CURIAM.

A jury convicted Torrioan Neal of possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). Neal appeals, asserting

the district court[1] erred by refusing to compel disclosure of a confidential informant's identity, denying his motion for a mistrial, and imposing an unreasonable sentence. Because we find no basis for reversal, we affirm.

## I.

On January 5, 2016, Detective Matt Nelson of the Little Rock Police Department and another detective set up a controlled buy of marijuana from Neal. The detectives watched Neal leave 3301 Asher Avenue, drive to the location of the controlled buy, and meet with a confidential informant (CI). They then followed Neal as he drove back to 3301 Asher Avenue. The detectives subsequently retrieved two small bags of marijuana from the CI. Neal was never charged in connection with the activities that occurred on January 5, but Nelson used the information to obtain a search warrant for 3301 Asher Avenue.

On January 20, 2016, the Little Rock Police Department executed the search warrant for 3301 Asher Avenue. Neal and his girlfriend, Nicole Blakely, were present at the house during the search. Based on evidence found at the residence, Neal was charged with three counts of violating federal drug and gun laws. Blakely was not charged.

Neal proceeded to trial on two of the three counts.[2] Nelson and Blakely testified at trial, but the CI did not. The jury found Neal guilty on Count 2, possession with the intent to distribute less than 50 kilograms of marijuana, and

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

[2]Count 1 was severed and eventually dismissed.

acquitted him on Count 3.[3]  The district court sentenced Neal to 110 months of imprisonment.

## II.

### A.

Neal argues that the district court erred by refusing to compel the identity of the CI. We review a court's refusal to compel disclosure of a confidential informant's identity for an abuse of discretion. United States v. Bradley, 924 F.3d 476, 481 (8th Cir. 2019). To justify the compelled disclosure of a confidential informant's identity, the defendant must show that his right to the information outweighs the government's traditional privilege to withhold it. United States v. Hollis, 245 F.3d 671, 674 (8th Cir. 2001) (citing Roviaro v. United States, 353 U.S. 53, 59–62 (1957)). To overcome the government's privilege, a defendant seeking disclosure "must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." Id. (citation omitted).

Neal fails to show why the CI's identity was material. Although the CI's controlled buy formed the basis for the search warrant, Neal was not charged in connection with the buy. The CI did not testify, and Neal does not say why the CI was a necessary witness. See id. ("[T]he identity of a tipster whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion."). Moreover, Neal sought the CI's identity during Nelson's testimony, at which point the district court denied the request to compel disclosure. The court explained, however, that it would reconsider the request if Neal

---

[3]Count 3 charged Neal with possession of a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c).

wanted to call the CI as a witness at trial. Neal never sought to call the CI as a witness.[4] Under these circumstances, the district court did not abuse its discretion.

**B.**

Next, Neal argues the district court abused its discretion when it denied his motion for a mistrial based on testimony elicited from Blakely about his prior marijuana sales. On cross-examination, the government asked Blakely if she had "ever known Mr. Neal to sell marijuana." Blakely answered, "yes." Neal objected and moved for a mistrial. Outside the jury's presence, Blakely clarified that she knew Neal was selling marijuana in 2012 but, to her knowledge, he had not sold marijuana since then. With this clarification, the district court sustained Neal's objection but denied his motion for a mistrial. The court reasoned that because Nelson had already testified that Neal had previously sold marijuana, and because Blakely did not say when these prior sales took place, a mistrial was not necessary. Upon Neal's request, the district court provided the following curative instruction to the jury: "Ladies and gentlemen, before we took our break, this witness testified that she was aware of a

---

[4]During his testimony, Nelson recounted the January 5th controlled buy between Neal and the CI. On appeal, Neal states, in passing, that evidence of the controlled buy was inadmissible under Fed. R. Evid. 404(b) because the buy did not happen at 3301 Asher Avenue. But he makes no meaningful argument as to why the location of the controlled buy renders the testimony inadmissible or more prejudicial than probative. Without more, we cannot say the district court abused its discretion in determining the testimony was admissible under Fed. R. Evid. 404(b). See United States v. Guzman, 926 F.3d 991, 1000 (8th Cir. 2019) (standard of review); see also United States v. Mshihiri, 816 F.3d 997, 1009 n.5 (8th Cir. 2016) (explaining that a party waived an argument by failing to "meaningfully" argue it); United States v. Ali, 799 F.3d 1008, 1026 n.3 (8th Cir. 2015) (declining to consider an argument where the defendants "mention[ed] other pieces of evidence that they say should have been excluded, but . . . fail[ed] to take the necessary step of explaining *why* this evidence was inadmissible").

prior occasion when the defendant had sold drugs. I'm striking that answer from the record and instructing you not to consider it in any way in your deliberations in this case."

We determine the prejudicial effect of any allegedly improper testimony by examining the context of the testimony and the prejudice it created against the strength of the evidence of the defendant's guilt. United States v. Nelson, 984 F.2d 894, 897 (8th Cir. 1993). Ordinarily, the district court may cure the jury's exposure to improper testimony with measures less drastic than a mistrial, such as an instruction to the jury to disregard the testimony. United States v. Sherman, 440 F.3d 982, 987–88 (8th Cir. 2006). We review for an abuse of discretion the district court's denial of a motion for a mistrial. Id.

The district court properly sustained Neal's objection to the government's ill-advised question. As to the denial of the motion for a mistrial, the court promptly struck the improper question and answer from the record and instructed the jury to disregard them. "It is presumed that a jury will follow a curative instruction unless there is 'an overwhelming probability' that it was unable to do so." United States v. Uphoff, 232 F.3d 624, 626 (8th Cir. 2000) (quoting Greer v. Miller, 483 U.S. 756, 766 n.8 (1987)). Neal offers no suggestion that the jury was unable to do so in this case. Further, Nelson had already testified that Neal previously sold marijuana. Given the curative instruction and Nelson's testimony, we cannot say the court abused its discretion in denying Neal's motion for a mistrial.

## C.

Finally, Neal contends the district court abused its discretion by sentencing him to 110 months of imprisonment because the sentence created a sentencing disparity between him and Blakely. Neal alleges that Blakely, who testified at trial that the gun and drugs belonged to her, "would be probation eligible," whereas he was sentenced

to 110 months. A district court's failure to consider the statutory sentencing factors, including the need to avoid unwarranted sentencing disparities, constitutes a procedural error. United States v. Sandoval-Sianuqui, 632 F.3d 438, 444 (8th Cir. 2011) (citing 18 U.S.C. § 3553(a)(6)). "So long as it is clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence, . . . we generally find that the court has committed no procedural error." Id. (cleaned up).

The district court did not procedurally err. First, the district court considered the § 3553(a) factors during sentencing. The district court sentenced Neal to a within-guidelines sentence after considering "the presentence report in its entirety, . . . the comments of Mr. Neal, . . . and after considering the provisions found in 18 U.S.C. § 3553." Second, there is no identified sentencing disparity between Neal and Blakely. As Neal concedes, Blakely was not a co-defendant. The government represented at sentencing that Blakely was later charged with a firearm offense based on her testimony at Neal's trial, but the record is silent as to the sentence she received. Further, to the extent Neal argues that his sentence was substantively unreasonable, this argument is without merit. No evidence suggests the court failed to consider a relevant factor or committed clear error in weighing the appropriate factors. United States v. Luleff, 574 F.3d 566, 569 (8th Cir. 2009) (a court abuses its discretion and imposes a substantively unreasonable sentence when "it fails to consider a relevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors").

For the foregoing reasons, we affirm.

_____