# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1567

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| H. G. Frost, Jr., also known as | * | |
| Jack Frost, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  September 12, 2000

Filed:  December 11, 2000

_____

Before WOLLMAN, Chief Judge, LAY, and BRIGHT, Circuit Judges.

_____

WOLLMAN, Chief Judge.

The United States appeals from the district court's order excluding deposition testimony.  We reverse and remand.

## I.

On May 25, 1999, a grand jury in the Eastern District of Arkansas returned a multi-count superseding indictment against H.G. "Jack" Frost alleging offenses related

to several schemes to defraud. Frost, a certified public accountant and business consultant, is accused of defrauding the Harvey and Bernice Jones Charitable Trust of substantial amounts of money while serving as the entity's co-trustee. The government alleges that in the course of this fraud Frost forged the signature of Bernice Jones, his co-trustee, on various financial documents.

In March of 1997 the then-attorney for the Trust resigned after discovering irregularities in the Trust. A new attorney was hired, and the Trust sued Frost and simultaneously reported the irregularities to the United States Attorney's Office. During a March 13, 1997, deposition taken in a civil proceeding, Frost denied signing Mrs. Jones's name or initials on the documents in question.

The week prior to his criminal trial, however, Frost asserted that he possessed absolute authority to apply Bernice Jones's signature to the documents pursuant to a valid power of attorney. Although there was evidence that a power of attorney existed, the document itself could not be located, nor could a revocation of power of attorney be found. As a result, Frost argued that the government could not prove beyond a reasonable doubt that his actions were unauthorized. Frost proposed to stipulate that he had signed Bernice Jones's name to the documents and made a motion in limine to prevent the introduction of expert handwriting testimony regarding the alleged forgeries. The district court granted the motion, a ruling that the government does not appeal.

Frost also moved to prevent the admission of his deposition testimony wherein he denied signing the documents in question. He argued that introduction of the deposition would be unfairly prejudicial and would lead the jury to convict him solely on the grounds that he was untruthful. Frost also contended that the evidence would have little probative value inasmuch as the key issues at trial concerned the existence and scope of the power of attorney. In effect, Frost planned to hinge his entire defense and focus the trial on the issue of authority. Accordingly, Frost offered not to contest

criminal intent with regard to his actions if the jury determined that he was not authorized to sign the documents.

The district court granted Frost's motion, finding the deposition testimony to be more prejudicial than probative and thus excludable under Federal Rule of Evidence 403. The government then filed an interlocutory appeal pursuant to 18 U.S.C. § 3731.

## II.

Rule 403 permits district courts to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. See United States v. Christians, 200 F.3d 1124, 1127 (8th Cir. 1999); Fed. R. Evid. 403. Having given due consideration to its broad discretion in admitting or excluding evidence under Rule 403, see, e.g., United States v. Loveless, 139 F.3d 587, 592 (8th Cir. 1998); United States v. Sparks, 949 F.2d 1023, 1026 (8th Cir. 1991), we conclude that the district court erred in excluding Frost's deposition testimony, an error resulting perhaps in part because of the government's failure to present a concise and cohesive argument in support of its contention that the testimony should be admitted. The deposition testimony is evidence of fraudulent intent and consciousness of guilt, and its probative value clearly outweighs its possible prejudicial effect. Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180 (1997). "The critical issue is the degree of unfairness of the prejudicial evidence and whether it tends to support a decision on an improper basis." United States v. Payne, 119 F.3d 637, 645 (8th Cir. 1997). Although the deposition testimony is damaging to Frost's case, it is not unfairly so. It is not, as Frost contends, inflammatory.

We note that there was some discussion in the district court regarding the applicability of Federal Rule of Evidence 404 to the deposition testimony. Although

the district court excluded the deposition testimony primarily on Rule 403 grounds, it also intimated that a Rule 404(b) analysis was warranted. Frost's deposition testimony, however, was not offered "for the purpose of proving action in conformity therewith . . .", Fed. R. Evid. 404. Furthermore, Rule 404 prohibits the admission of extrinsic evidence. See, e.g., United States v. Maddix, 96 F.3d 311, 315 (8th Cir. 1996). Frost's testimony is direct evidence of fraudulent intent and consciousness of guilt. It does not relate to"other acts," but rather constitutes evidence intrinsic to the overall scheme. Rule 404 is therefore inapplicable. See, e.g., United States v. LeCompte, 108 F.3d 948, 952 (8th Cir. 1997); United States v. Forcelle, 86 F.3d 838, 841 (8th Cir. 1996).

Frost contends that his offer not to contest the issue of criminal intent eliminates the issue of intent, thereby reducing the probative value of his deposition testimony and increasing the likelihood of unfair prejudice. We observe that "a defendant's Rule 403 objection offering to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense." Old Chief, 519 U.S. at 183. Likewise, "[a]s a general rule, the government is not bound by the defendant's offer to stipulate." United States v. Miller, 974 F.2d 953, 960 (8th Cir. 1992).

The judgment is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.