# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2295

_____

United States of America

*Plaintiff - Appellee*

v.

Ramelus D. Bradley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: February 14, 2019
Filed: May 13, 2019

_____

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Ramelus Dejuan Bradley of possession with intent to distribute cocaine and cocaine base, in violation of 28 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(B), and 851; and being a felon in possession of a firearm, in violation of 18 §§ U.S.C. 922(g)(1) and 924(a)(2). He appeals, arguing the district

court[1] erred by denying his motions to suppress; for a *Franks* hearing, disclosure, and production; and for acquittal. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Detective Brandon Weber applied for a warrant to put a GPS tracker on Bradley's truck. The supporting affidavit detailed a drug investigation, which included a controlled drug buy:

> Within the past four days, at my direction and while under my direct surveillance, [Reliable Confidential Informant] #1 was provided money to purchase cocaine from Bradley in Boone County, Missouri. I watched RCI #1 and Bradley meet at an undisclosed [location] in Boone County. Bradley arrived at the meeting location driving a black, Ram, 4-door pickup bearing Missouri Registration 4MV269. After the transaction RCI #1 gave me cocaine they stated had been sold to them by Bradley. RCI #1 positively identified Bradley from pictures that I provided. The cocaine field-tested positive.

Three other tipsters—two reliable cooperating citizens and a Crimestoppers caller—connected Bradley to drug dealing, two of whom told police he kept drugs in his truck. Weber swore that, within the past 24 hours, he saw another "short-term transaction" involving Bradley that he believed was drug-related based on his training and experience. The affidavit noted Bradley had prior convictions for drug trafficking, distribution, and felony possession. A state judge issued the GPS warrant.

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, adopting the reports and recommendations of the Honorable Matt J. Whitworth, Chief United States Magistrate Judge for the Western District of Missouri, and the Honorable Willie J. Epps, Jr., United States Magistrate Judge for the Western District of Missouri.

Based on information from the GPS tracker and physical surveillance, police obtained search warrants for Bradley's truck and a residence in Boone County. When police entered the residence, Bradley was in the living room. Officers recovered four firearms. One was atop a table next to Bradley, one under the table, one atop a television stand in the living room, and one in an upstairs bedroom. They also recovered over $12,000 cash from a pair of men's shorts in the living room. In a Mirandized interview, Bradley accurately described the firearms' locations and said they belonged to Tiffany Smith, his girlfriend and the tenant there. The truck was parked in front of the residence. In its console, police recovered around 151 grams of cocaine, 28 grams of cocaine base, and a digital scale. He was indicted for possession with intent to distribute cocaine, 28 grams or more of cocaine base, and being a felon in possession of a firearm.

Bradley moved to suppress "all physical evidence allegedly seized" and "any statements attributed to him." He challenged the GPS warrant's probable cause. After a suppression hearing, a magistrate judge recommended denying the motion, reasoning that the controlled buy provided probable cause, the other information in the affidavit supported it, and, even if probable cause were lacking, the good-faith exception applied. *United States v. Bradley*, 2017 WL 2579169 (W.D. Mo. May 30, 2017). Adopting the report and recommendation, the district court denied the motion to suppress. *United States v. Bradley*, 2017 WL 2579049 (W.D. Mo. June 14, 2017).

Bradley then moved for a *Franks* hearing on the warrants and requested disclosure of the confidential informant's and tipsters' identities and any benefits given to them, and production of evidence about the controlled buy. A magistrate judge recommended denying the motion, reasoning that Bradley failed to make "a substantial preliminary showing" that Weber made any false or reckless statements, as required under *Franks v. Delaware*, 438 U.S. 154, 155 (1978), and failed to show that the confidential informant's or tipsters' testimony would be material to his case, as required under *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991).

*United States v. Bradley*, 2017 WL 4533452 (W.D. Mo. Sept. 22, 2017). Adopting the report and recommendation, the district court denied a *Franks* hearing, disclosure, and production. *United States v. Bradley*, 2017 WL 4533447 (W.D. Mo. Oct. 10, 2017).

At trial, the Government sought to introduce audio recordings of calls Bradley made in county jail after his arrest. Bradley objected to statements like "he admits that he would be good for a dope case, if anything." The district court overruled his objection. The court later denied a motion for acquittal based on the sufficiency of the evidence. Deliberating for about a half hour, the jury convicted him on all three counts. Bradley appeals, arguing the district court erred by denying his motions for suppression; a *Franks* hearing, disclosure, and production; acquittal; and, by admitting jail-call statements.

## II.

On appeal from the denial of a motion to suppress, "this court reviews legal conclusions de novo and factual findings for clear error." *United States v. Morris*, 915 F.3d 552, 555 (8th Cir. 2019).

Bradley argues the GPS warrant lacked probable cause. Placing a GPS device on a vehicle is a Fourth Amendment search "requiring probable cause and a warrant." *United States v. Faulkner*, 826 F.3d 1139, 1144 (8th Cir. 2016), *citing United States v. Jones*, 565 U.S. 400, 404 (2012). "Probable cause exists when, viewing the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Reed*, 921 F.3d 751, ___ (8th Cir. 2019), *quoting Illinois v. Gates*, 462 U.S. 213, 230, 238 (1983). This court pays "great deference to the probable cause determinations of the issuing judge or magistrate," deciding "whether the issuing judge had a substantial basis for

concluding that probable cause existed." *Faulkner*, 826 F.3d at 1144. The GPS warrant application had more than sufficient information to establish probable cause.

Weber detailed a recent, supervised, controlled buy between Bradley and a confidential informant. The affidavit noted that, "on numerous occasions," the informant "provided specific information as to the location, vehicles, and persons involved in illegal drug transactions," the information has never "proven unreliable," and past information resulted in drug-charge arrests in Boone County. An "informant's track record of providing trustworthy information" establishes reliability. *Id.* Bradley's speculation that the informant "could have been hiding the controlled substance" before meeting him is not supported by any evidence. The supervised, controlled buy is a substantial basis for the issuing judge to find probable cause. *See United States v. Hart*, 544 F.3d 911, 914 (8th Cir. 2008) (holding reliable informant's tip and controlled buy established probable cause).

The other information in the affidavit bolsters this conclusion. Multiple sources connected Bradley and his truck to drug dealing. Weber established the tips' reliability through: the controlled buy, *see United States v. Brown*, 499 F.3d 817, 821 (8th Cir. 2007); Bradley's drug-related criminal history, *see United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002); the cooperating citizens' history of providing reliable drug-related information, *see Hart*, 544 F.3d at 914; and verification of details about Bradley's truck, *see Faulkner*, 826 F.3d at 1145. Contrary to Bradley's suggestion, the omission of any statement about sources' criminal histories is not fatal to the warrant. *See United States v. Williams*, 477 F.3d 554, 559–60 (8th Cir. 2007) (omitting informant's criminal history does not defeat probable cause where the "informant's information is at least partly corroborated" or "the affiant establishes the information's reliability through some other means"). He argues that some tips were stale and vague, but they were recent and specific enough based on the totality of the circumstances. *See United States v. Salamasina*, 615 F.3d

925, 931 (8th Cir. 2010). Probable cause supported issuance of the warrant. *See Brown*, 499 F.3d at 821.

Since there is no basis to suppress, this court need not reach Bradley's arguments about the good-faith exception.

## III.

According to Bradley, the district court should have granted a *Franks* hearing and compelled disclosure of the confidential informant's and tipsters' identities and any benefits they received, and production of evidence about the controlled buy. This court reviews for abuse of discretion a refusal to grant a *Franks* hearing or compel disclosure of a confidential informant's identity. *United States v. Hollis*, 245 F.3d 671, 673 (8th Cir. 2001).

To obtain a *Franks* hearing, a defendant must make "a substantial preliminary showing" that an affidavit contains an intentional or reckless false statement or omission necessary to the probable cause finding. *United States v. Charles*, 895 F.3d 560, 564 (8th Cir. 2018). This requirement "is not lightly met." *United States v. Brackett*, 846 F.3d 987, 993 (8th Cir. 2017), *citing Franks*, 438 U.S. at 171–72. Bradley denies selling a controlled substance to a confidential informant. He offers no proof for this conclusory denial. The district court thus did not abuse its discretion in denying a *Franks* hearing. *See United States v. Williams*, 669 F.3d 903, 905 (8th Cir. 2012) ("There is . . . a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory . . . . There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof."), *quoting Franks*, 438 U.S. at 171.

A defendant seeking identity disclosure "must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." *Harrington*, 951 F.2d at 877. Bradley argues that disclosure should be compelled where an informant provides information supporting a warrant, which leads to criminal charges. However, he fails to explain how disclosure here would be material to his defense or a fair trial. *See id.*, *citing* *Roviaro v. United States*, 353 U.S. 53, 60–62 (1957). "[T]he identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion." *Hollis*, 245 F.3d at 674. Here, the confidential informant and tipsters provided information that police used to obtain warrants, but they did not witness, participate in, or provide evidence of Bradley's charged crimes. Disclosure was not required. *See, e.g.*, *Faulkner*, 826 F.3d at 1147. The confidential informant's participation in an uncharged controlled buy does not change this conclusion. *See Harrington*, 951 F.2d at 878 (identity of confidential informant not subject to disclosure where informant made controlled buys, but "neither witnessed nor participated in the search" leading to possession charges and "could not offer any evidence bearing on the possession charges"). The district court did not abuse its discretion in refusing to compel identity disclosure.

IV.

Bradley argues the district court erred in denying his motion for acquittal because the evidence was insufficient. "This court reviews de novo the denial of a motion for judgment of acquittal, viewing the evidence most favorably to the guilty verdict, resolving all evidentiary conflicts in favor of the government, and accepting all reasonable inferences from the evidence." *United States v. Morris*, 817 F.3d 1116, 1119 (8th Cir. 2016).

The sole issue is whether the Government proved Bradley had knowing possession of the recovered firearms and drugs. "Proof of constructive possession is

sufficient to prove the element of knowing possession . . . ." ***United States v. Ellis***, 817 F.3d 570, 576 (8th Cir. 2016). "An individual has constructive possession of contraband if he has ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed." ***United States v. Jackson***, 610 F.3d 1038, 1043 (8th Cir. 2010). Bradley argues that he was "simply present at the scene where the contraband was found," which is insufficient for a possession conviction. *See **id.***

The evidence is more than sufficient to sustain his felon-in-possession conviction. Bradley was the only adult in the residence when the firearms were recovered. Three were in his immediate vicinity. He admitted knowing the other was under a pillow in an upstairs bedroom. Tiffany Smith testified that although three of the recovered guns were hers, they were in a closed box in a spare bedroom when she left the morning the warrants were executed. The evidence supports a reasonable inference that Bradley removed the firearms from the box and put them where police found them—enough for constructive possession. *See **United States v. Grimes***, 825 F.3d 899, 902 (8th Cir. 2016) ("Constructive possession requires knowledge of an object, the ability to control it, and the intent to do so."); ***United States v. Wells***, 469 F.3d 716, 720 (8th Cir. 2006) (defendant had constructive possession of firearm when he knew it was in the house, was willing to retrieve it, and another person retrieved it on his instruction).

On his possession-with-intent-to-distribute convictions, Bradley argues that multiple people had access to the truck, and that the Government did not present direct evidence of his presence in the truck before the search warrant was executed. "Possession may be joint; it need not be exclusive." ***United States v. Smart***, 501 F.3d 862, 865 (8th Cir. 2007). The Government presented sufficient evidence of Bradley's dominion and control of the truck. Tiffany Smith testified he drove the truck to her home the morning the warrants were executed. She also testified that the truck belonged to Bradley and another woman, and the Government presented evidence

that the truck was re-titled to Bradley alone days before the warrants were executed. The jury was free to reject his theory that one of the other persons with access to the truck exclusively possessed the drugs. *See United States v. White*, 816 F.3d 976, 986 (8th Cir. 2016). The evidence is sufficient to sustain the convictions. *See Ellis*, 817 F.3d at 576–77 (upholding possession conviction where reasonable jury could conclude defendant had "dominion and control over his vehicle and thus knowingly possessed the firearm recovered therefrom").

V.

Bradley contends the district court should have excluded two statements he made in a recorded, post-arrest jail call: "only thing that's probably going to stick is if they claim that somebody sold to me," and "the only thing that they really got on me . . . is . . . if somebody claims that they wore a wire . . . to do something." He claims the statements are improper prior-bad-acts evidence, *see* **Fed. R. Evid. 404(b)**, and substantially more prejudicial than probative, *see* **Fed. R. Evid. 403**. This court reviews the admission of evidence for abuse of discretion, and "evidentiary rulings are reversed only for a clear and prejudicial abuse of discretion." *Walker v. Kane*, 885 F.3d 535, 538 (8th Cir. 2018).

Bradley's post-arrest statements express concern about the charges against him, which is direct evidence of consciousness of guilt. The evidence is thus intrinsic to his charged crimes, so Rule 404(b) does not apply. *See United States v. Skarda*, 845 F.3d 370, 377 (8th Cir. 2016) (holding that threat "show[ing] consciousness of guilt . . . is considered direct evidence of the crime charged and is not subject to a Rule 404(b) analysis" (internal citations omitted)); *United States v. Frost*, 234 F.3d 1023, 1025 (8th Cir. 2000) ("Rule 404 is . . . inapplicable" to deposition testimony showing "consciousness of guilt," as the evidence "does not relate to 'other acts,' but rather constitutes evidence intrinsic to the overall scheme."). As for Rule 403, the evidence may be prejudicial, but not unfairly so. *See Skarda*, 845 F.3d at 378 ("Evidence is

-9-

not unfairly prejudicial merely because it tends to prove a defendant's guilt.").  The district court properly admitted the statements.

* * * * * * *

The judgment is affirmed.

_____