# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2651
_____

United States of America

*Plaintiff - Appellee*

v.

Caesar V. Vaca

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: December 15, 2021
Filed: July 1, 2022
_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.
_____

STRAS, Circuit Judge.

Caesar Vaca lied to detectives when he told them he had *never* possessed a gun. It turned out that he had pleaded guilty to a crime more than 20 years earlier

that involved the use of one. Was the prior conviction admissible? The district court[1] said yes, and we affirm.

## I.

After trying to break up a barroom brawl at PR's Place, Roderick Brown decided to call it a night. As he headed toward his car, a man approached, pointed a gun at him, and fired several times. Eyewitnesses identified Vaca as the shooter. One said she was "a hundred percent certain that [he] was the person who shot at Roderick Brown." Others saw the shooter drive off in an expensive white sedan just like the one that Vaca owned.

For nearly eighteen months, detectives built a case against Vaca, including matching a shell casing found at the scene to a gun that he could have used. When they arrested him, he had five small baggies of cocaine and $1,874 in cash on him, along with a container of razor blades in the front passenger door of the car he was driving. With the evidence mounting, he waived his *Miranda* rights and decided to talk.

Upon learning that the arrest was for a weapons offense, Vaca asked, "felon in possession of a firearm?" A detective said yes. From there, he was evasive and denied ever driving a white luxury car or going to PR's Place. When asked if he had ever possessed a firearm, he lied and said *never*. The statement was false because, more than 20 years before, he had pleaded guilty to aggravated battery after shooting a pregnant woman.

Vaca faced serious charges this time around, including possession of a firearm as a felon, 18 U.S.C. §§ 922(g)(1) and 924(e)(1); and possession of cocaine with the intent to distribute it, 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). Separate trials led to two guilty verdicts, one for the felon-in-possession charge and another for possession of

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

cocaine, when the jury could not reach a unanimous verdict on the distribution element.  *See* Fed. R. Crim. P. 14(a) (allowing the court to sever the counts).  He received a total of 156 months in prison: 120 months for the felon-in-possession count and an additional 36 months for possessing cocaine.

## II.

At the trial on the felon-in-possession charge, the district court allowed the jury to hear about Vaca's aggravated-battery conviction, which by then was over 20 years old.  We review evidentiary rulings like this one for an abuse of discretion and will "revers[e] only when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict."  *United States v. Anderson*, 783 F.3d 727, 745 (8th Cir. 2015) (quotation marks omitted).

Generally speaking, evidence of a "crime, wrong, or act," Fed. R. Evid. 404(b)(1), falls into one of two categories.  The first is "intrinsic evidence," by which we mean that the bad act itself is part of the "charged offense."  *United States v. Maxwell*, 643 F.3d 1096, 1100 (8th Cir. 2011) (citation omitted).  Relevant intrinsic evidence is generally admissible as long as its probative value is not "substantially outweighed by its prejudicial value."  *United States v. Bass*, 794 F.2d 1305, 1313 (8th Cir. 1986) (citing Fed. R. Evid. 403).

A different rule applies to extrinsic evidence, which involves "*other* crime[s], wrong[s], or act[s]."  Fed. R. Evid. 404(b)(1) (emphasis added).  Not a part of the "charged offense," other bad acts are inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  *Id.*; *Maxwell*, 643 F.3d at 1100 (citation omitted).  What this means is that propensity evidence is out of bounds: using another bad act to show that an individual is likely to do the same thing again in the future.  *See Holmes v. Slay*, 895 F.3d 993, 999 (8th Cir. 2018).  Offering extrinsic evidence for any non-propensity purpose, however, is ordinarily fair game.

The government's position is that Vaca's 1995 aggravated-battery conviction is admissible regardless of whether it is intrinsic or extrinsic. If it is intrinsic, it "complete[s] the story," tends to logically prove an element of the charged offense, or shows consciousness of guilt. *See United States v. Forcelle*, 86 F.3d 838, 842–43 (8th Cir. 1996). And even if it is extrinsic, there is a non-propensity purpose: to show that he lied about never possessing a gun. Only the second theory works.

A.

Intrinsic evidence provides "the context in which the charged crime occurred." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006). It can "complete[] the story" of the crime, *id.* (quotation marks omitted), or "logically . . . prove any element of the crime charged," *United States v. Jackson*, 913 F.3d 789, 792 (8th Cir. 2019) (quotation marks omitted). And in some circumstances, we have concluded that even consciousness-of-guilt evidence, like threatening a witness, can be intrinsic too. *See United States v. Skarda*, 845 F.3d 370, 378 (8th Cir. 2016). The government argues that Vaca's 1995 aggravated-battery conviction fits into each of these categories.

The first justification does not work because the 1995 aggravated-battery conviction completes the wrong story. Rather than telling us something about what happened after Vaca and Brown left the bar that night, it completes the story of what happened roughly 18 months later, when Vaca met with the detectives. *See Forcelle*, 86 F.3d at 842; *see also, e.g.*, *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) (holding that evidence of an arrest a year before the government charged the defendant in a drug conspiracy "completed the story of the charged offense" because it explained his association with a drug-distribution ring).

Nor does it tend to logically "prove [an] element of the crime charged," *Jackson*, 913 F.3d at 792 (quotation marks omitted), at least in a direct way. In *United States v. Battle*, 774 F.3d 504 (8th Cir. 2014), another felon-in-possession case, we held that "[p]rior possession of a firearm" was admissible because it was

-4-

"*directly* relevant to proving later possession of that *same* weapon." *Id.* at 511 (emphasis added); *see id.* at 511–12 (characterizing the prior-possession evidence as "direct evidence" of guilt); *see also United States v. Frost*, 234 F.3d 1023, 1025 (8th Cir. 2000) (holding that "*direct* evidence of fraudulent intent" qualified as intrinsic evidence (emphasis added)). The evidence here, by contrast, does not involve the possession or use of the same weapon, and the government does not explain how a more-than-20-year-old conviction "tend[ed]" to "logically prove" any other "element of the" felon-in-possession charge. *Jackson*, 913 F.3d at 792 (quotation marks omitted).

The government gets closer with its consciousness-of-guilt justification, but the evidence here is still one step removed from intrinsic. In the past, we have treated "threats against witnesses," *Skarda*, 845 F.3d at 378, and jailhouse "statements express[ing] concern" about the charges, *United States v. Bradley*, 924 F.3d 476, 483 (8th Cir. 2019), as intrinsic. Evidence of this type is intrinsic because it directly relates to the charges that the defendant is facing. *See id.* To put it in Rule 404(b)'s words, it is not an "*other* crime, wrong, or act." Fed. R. Evid. 404(b)(1) (emphasis added); *cf. Frost*, 234 F.3d at 1025 (holding that a prior bad act was intrinsic consciousness-of-guilt evidence when it was "direct evidence of fraudulent intent," an element of the charges). It is part of the *same* crime, wrong, or act.

The evidence here requires one more step. The government may be correct that the first step of trying to prove Vaca lied about the acts he just committed can be intrinsic consciousness-of-guilt evidence. *See, e.g.*, *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1327 (9th Cir. 1992). But what is not is the second step: proving it through the introduction of another crime, one that happened more than two decades before and was otherwise unrelated to the charges he faced. Fed. R. Evid. 404(b)(1); *see United States v. Cotton*, 823 F.3d 430, 433 (8th Cir. 2016). The prior conviction, after all, had nothing to do with "the charged crime[]" itself. *Forcelle*, 86 F.3d at 842.

B.

The evidence, in other words, is extrinsic, so it is admissible only if offered for a non-propensity purpose. *See United States v. Gaddy*, 532 F.3d 783, 789 (8th Cir. 2008). Rule 404(b) provides a lengthy list of examples, from proving state-of-mind requirements like "intent" and "knowledge" to countering potential defenses like "mistake." Fed. R. Evid. 404(b)(2) (listing "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). By using "such as" to introduce the list, Rule 404(b) makes clear that the listed items are nonexclusive, meaning that "other crime[s], wrong[s], or act[s]" can be admissible for additional relevant, non-propensity purposes. *See* Fed. R. Evid. 404(b)(1); *see also Carter v. United States*, 549 F.2d 77, 78 (8th Cir. 1977) (per curiam) ("[T]hose purposes as listed in 404(b) are not exclusive."); 2 Weinstein's Federal Evidence § 404.20[1], at 404-40 ("[T]he categories listed in the rule are not meant to be exhaustive or exclusive.").

Here, the government did not introduce the prior conviction "solely to prove . . . propensity." *Gaddy*, 532 F.3d at 789 (quotation marks omitted). During the interview, Vaca said that he *never* possessed a gun—not that night at the bar, more than two decades before, or at any other point in his life. Showing that the statement was false cut off a potential argument that he had already raised in his interview: he has never possessed a gun, so he cannot be guilty of being a felon in possession of one. It was also "probative of consciousness of guilt" to the extent it showed he was willing to lie to negate one of the elements of the offense that the detectives had just told him he committed. *United States v. Johnson*, 46 F.3d 1166, 1171 (D.C. Cir. 1995) (saying that a "false statement" was admissible because "it reflected an attempt to avoid the charge against [him]"). Under this logic, there was *at least* one other non-propensity purpose. *See Gaddy*, 532 F.3d at 789.

Application of our multi-factor Rule 404(b) test for other-crimes evidence leads to the same conclusion. We have explained that evidence of this kind "is admissible if it is: (1) relevant to a material issue; (2) of [a] crime[] similar in kind

and reasonably close in time to the crime charged; (3) sufficient to support a jury finding that the defendant committed the other crimes; and (4) more probative than prejudicial." *United States v. Smith*, 49 F.3d 475, 478 (8th Cir. 1995) (quotation marks omitted). The first, third, and fourth factors present no barrier to admission. We just explained the relevance of the prior conviction, there was reliable evidence that it occurred, and it was more probative than prejudicial given Vaca's statement to the detectives.

It is true, as Vaca points out, that the conviction is more than two decades old. But as the Seventh Circuit has explained, "the need to check for similarity and recency may be substantially diminished or nonexistent depending on the particular purpose for which the evidence is offered." *United States v. Gomez*, 763 F.3d 845, 854 (7th Cir. 2014) (en banc).

Here, neither similarity nor time matter much because of the way the government used the evidence. To directly counter Vaca's lie that he had never possessed a gun, the government simply had to show that he had done so at some point in the past—whether it was one year or more than twenty years before. *See United States v. Thomas*, 593 F.3d 752, 758 (8th Cir. 2010) (explaining that there is "no absolute rule regarding the number of years that can separate offenses admitted under Rule 404(b)" (quotation marks omitted)). The conviction was admissible for that non-propensity purpose.

## III.

Vaca also takes aim at the substantive reasonableness of his statutory-maximum sentence of 156 months in prison, which was an upward variance from the recommended range of 63 to 78 months. We review the district court's decision for an abuse of discretion, keeping in mind that "it will be the unusual case when we reverse a . . . sentence—whether within, *above*, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455,

464 (8th Cir. 2009) (en banc) (emphasis added) (quotation marks omitted). This is not one of those "case[s]." *Id.* (quotation marks omitted).

The district court paid particularly close attention to the statutory sentencing factors, including the "nature and circumstances" of Vaca's offenses. 18 U.S.C. § 3553(a)(1). For the felon-in-possession charge, it noted that he was "lucky that no one was killed," given that he had fired multiple shots at Brown. *See United States v. Godfrey*, 863 F.3d 1088, 1099–1100 (8th Cir. 2017) (affirming a 120-month sentence for a felon in possession with a Guidelines range of 30 to 37 months after he "placed many innocent people in grave danger by shooting seven bullets into a crowded neighborhood park"). And though the jury found him guilty of only cocaine possession, the court determined that he had intended to distribute the drugs he possessed. *Cf. United States v. Stroud*, 673 F.3d 854, 863 (8th Cir. 2012) ("[I]t is the settled law of our circuit that the Constitution does not preclude a district court from considering acquitted conduct in sentencing a criminal defendant." (quotation marks omitted)).

The district court also focused on Vaca's extensive criminal history, including the fact that one of his prior convictions involved wielding a gun and shooting at someone—the exact type of crime he committed here. *See* 18 U.S.C. § 3553(a)(1). Not to mention that his criminal-history score underrepresented what he had done: five previous felonies went uncounted, including two he committed as a juvenile. *See United States v. Johnson*, 916 F.3d 701, 703 (8th Cir. 2019) (explaining that a "district court may consider prior convictions that received no criminal history points"). For these reasons, the court decided that a longer sentence would both "protect the public" and "promote respect for the law." 18 U.S.C. § 3553(a)(2)(A), (C).

There is no question that Vaca had hoped the district court would weigh the statutory sentencing factors differently. But mere disagreement, by itself, "does not justify reversal." *United States v. Donahue*, 959 F.3d 864, 867 (8th Cir. 2020).

## IV.

We accordingly affirm the judgment of the district court.

_____