# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2616

_____

United States of America

*Plaintiff - Appellee*

v.

Joseph M. Sims

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 12, 2025
Filed: June 30, 2025
[Unpublished]

_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Joseph M. Sims pled guilty to unlawfully possessing a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him to 78 months in prison and three years of supervised release. Upon

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

release, he violated his conditions of supervision.  The court revoked his release, sentencing him to 24 months in prison.  He appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Sims challenges the substantive reasonableness of his within-guidelines sentence.  This court reviews "the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." *United States v. Elbert*, 20 F.4th 413, 416 (8th Cir. 2021).  "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

The record amply supports the sentence here. Sims unlawfully used cocaine almost immediately after his release.  He also committed a violent domestic assault. Sims challenges the evidence supporting assault.  But the victim testified at the revocation hearing.  She said that Sims put a towel over her nose and mouth and choked her until she "blacked out."  He threatened to throw her off a balcony.  When she asked him to call 911 for help, he said "I will watch you die first."  The victim testified to significant lingering effects from the trauma:

> The abuse and trauma that Mr. Sims caused has prohibited me from work and performing my activities of daily living.  I am on short-term disability and have to take medications daily.  I am in therapy every week.  I am unable to be in public by myself due to being in fear of being attacked and/or killed.  Mr. Sims made threats to kill my children and myself, which makes it difficult to feel safe anywhere.  I have constant nightmares, and it is difficult to sleep.  I have been diagnosed with PTSD, severe anxiety, concussion with loss of consciousness. I am scared, anxious, and overwhelmed.  It is unsafe for me to drive due to the fact that I am more focused on who is pulling up beside me or who is following me with orders to kill me.  I continue to have uncontrolled vivid images and memories of the trauma.  I avoid leaving home and have lost interest in anything.  I am easily startled.  I have difficulty concentrating.  I constantly watch my surroundings in fear of being hurt.  I suffer with headaches and upset stomach.  I am under doctor's

-2-

care and therapy since the assault. Mr. Sims made it clear that he will go for broke if I called the people on him. He has proven to me that he does not care about my life.

The district court found her testimony credible. "Credibility determinations by the district court based on testimony at supervised release revocation hearings are virtually unreviewable on appeal." *United States v. Cotton*, 861 F.3d 1275, 1277 (8th Cir. 2017) (internal quotation marks omitted).

Sims argues that the court gave insufficient weight to mitigating factors. That the court did not weigh the factors as Sims preferred does not justify reversal. *See United States v. Vaca*, 38 F.4th 718, 724 (8th Cir. 2022). The sentence was not substantively unreasonable.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____