# United States Court of Appeals

## For the Eighth Circuit

_____

No. 25-1491

_____

United States of America

*Plaintiff - Appellee*

v.

Del Martinez Evans, Jr.

*Defendant - Appellant*

_____

No. 25-1492

_____

United States of America

*Plaintiff - Appellee*

v.

Del Martinez Evans, Jr.

*Defendant - Appellant*

_____

No. 25-1493

_____

United States of America

*Plaintiff - Appellee*

v.

Del Martinez Evans, Jr.

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: January 16, 2026
Filed: June 8, 2026
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Despite committing multiple bank robberies, Del Evans argues he is not a career offender. *See* U.S.S.G. § 4B1.1. It turns out that it does not matter because the district court[1] was clear that his sentence would be the same either way.

---

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

I.

Evans has a habit of robbing banks. In 2008, he robbed his first one and tried again within just a few days. Six years later, during a transfer to a halfway house, he escaped and committed three more. The robberies followed the same pattern: Evans would give a note to the teller, who would then hand over the money.

The two sets of convictions, one for each group of robberies, landed him in federal prison for over a decade. Then, just two months after beginning supervised release, Evans once again walked into a bank and handed a note to the teller, who gave him $5,308 in cash. He fled the scene, but officers arrested him the same day.

Two consequences followed. The first was revocation of supervised release, which led to concurrent 24-month prison terms, one for each federal sentence he was serving.[2] The second was another federal bank-robbery conviction, *see* 18 U.S.C. § 2113(a), which the district court thought made him a career offender, *see* U.S.S.G. § 4B1.1(a) (applying an enhancement if "the instant offense of conviction is a felony that is . . . a crime of violence" and "the defendant has at least two prior felony convictions of . . . a crime of violence"). He received a 188-month consecutive sentence, which was at the top of the advisory range. The court explained that, even if it was wrong about the enhancement, "188 months [was] simply the minimum sentence" it would impose.

II.

"Any error" here "became harmless the moment the district court made clear that the sentence would be the same, with or without" the career-offender enhancement. *United States v. Mejia*, 172 F.4th 601, 606 (8th Cir. 2026). Provided that it considered "why a longer sentence was 'sufficient, but not greater than

---

[2]Although Evans also filed notices of appeal in the revocation cases, he did not address them in his brief. We affirm both sentences. *See* 8th Cir. R. 47B.

necessary,' to serve 'the purposes' of the federal sentencing statute" and connected the statutory factors to the sentence imposed. *Id.* (quoting 18 U.S.C. § 3553(a)).

At the first step, the district court discussed Evans's "long history of . . . robberies," including "four armed robberies with a firearm when he was a very young individual, five federal bank robberies[,] and one attempted federal bank robbery." *See* 18 U.S.C. § 3553(a)(1) (directing courts to consider "the history and characteristics of the defendant"); *United States v. Jones*, 701 F.3d 327, 331 (8th Cir. 2012) (explaining that, because a defendant had "committed similar offenses in the past," it was reasonable to vary upward even though the career-offender enhancement did not apply). Further aggravating his lengthy criminal history were at least 16 disciplinary violations in prison, which ranged from fighting to sexual misconduct. *See United States v. Nunn*, 161 F.4th 518, 524 (8th Cir. 2025) (affirming an upward variance based in part on the defendant's "many disciplinary infractions"). From the court's perspective, it made him "one of the more dangerous and, frankly, most likely to reoffend individuals that [it had] ever sentenced."[3] *See* 18 U.S.C. § 3553(a)(2)(B)–(C) (discussing the need to "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant").

At "[t]he next step," the district court also "explain[ed] why the statutory analysis mattered." *Mejia*, 172 F.4th at 606. In its view, "[t]he 188-month sentence" was "sufficient" in a way that no "sentence less than that" could be. It was, in other words, "one of those rare cases where . . . the sentence would be the same" for Evans

---

[3]This analysis also explains why a 188-month sentence was substantively reasonable. *See Jones*, 701 F.3d at 330–31 (affirming an upward variance into the career-offender range as substantively reasonable). Although Evans believes the district court did not adequately consider the mitigating factors he presented, the truth is that it gave them less weight than he thought they deserved because, among other things, "many individuals in our society . . . have limited mental capabilities [but] don't repeatedly rob banks." *See United States v. Vaca*, 38 F.4th 718, 724 (8th Cir. 2022) (explaining that "mere disagreement" with how the court weighed the factors "does not justify reversal" (citation omitted)).

regardless of the enhancement.  As in *Mejia*, "[t]he point was to make clear that he would receive a [188-month] sentence no matter what."  *Id.*

### III.

We accordingly affirm the judgments of the district court.

_____