# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1501
_____

United States of America

*Plaintiff - Appellee*

v.

Joshua M. Davila

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 13, 2026
Filed: June 23, 2026
[Unpublished]

_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

On December 17, 2023, police officers responded to a report of domestic assault at Joshua Davila's house. Police searched his house pursuant to a warrant and found a shotgun in the attic and ammunition in his room. Davila pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(8). The district court[1] determined Davila's Sentencing Guidelines range was 30 to 37 months but varied upward and imposed a 140-month term of imprisonment. Davila appeals, claiming his sentence is substantively unreasonable. We affirm.

We review the substantive reasonableness of a sentence for an abuse of discretion. United States v. Madrigal, 136 F.4th 766, 777 (8th Cir. 2025). A district court abuses its discretion if it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Jones, 71 F.4th 1083, 1087 (8th Cir. 2023) (quotation omitted). It is "[t]he unusual case when we reverse a district court sentence . . . as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation omitted).

While Davila contends that the district court failed to justify the substantial upward variance, this Court has noted that a sentencing court has broad discretion and a substantial deviation from the applicable Sentencing Guidelines range does not necessarily require extraordinary circumstances. See United States v. Johnson, 916 F.3d 701, 703 (8th Cir. 2019). While police were at Davila's house, a neighbor reported hearing shots fired from Davila's house the prior two nights. The neighbor provided surveillance footage that showed Davila firing a gun at a car.

When determining the appropriate sentence, the district court considered the seriousness of Davila's conduct in shooting at a car. And as the district court explained, this was not the first time Davila shot at a car. In addition, on another occasion, he fired shots from a car. Davila's repeated shootings support the district court's determination that a lengthy sentence was necessary to protect the public, to promote respect for the law, and to afford adequate deterrence. See United States v. Vaca, 38 F.4th 718, 723–24 (8th Cir. 2022) (affirming 78-month upward variance

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

-2-

for a defendant who had prior convictions for wielding a gun and shooting at someone, which was the same conduct giving rise to the instant offense). Although the district court's upward variance was substantial, the court supported its determination with a thorough analysis of the 18 U.S.C. § 3553(a) factors.

Davila also takes issue with the district court's remark that "[y]ou don't get less time the more crimes you commit." While this Court has cautioned that such a remark "may be incorrect as an invariable summation of sentencing law," United States v. Burns, 771 F. App'x 724, 726 (8th Cir. 2019) (unpublished per curiam), this Court also has found it does not make a sentence substantively unreasonable if supported by "a fuller analysis of the § 3553(a) sentencing factors," United States v. Manuel, 73 F.4th 989, 992 (8th Cir. 2023).

Finally, Davila asserts the district court failed to give sufficient weight to his mitigating circumstances, including his difficult childhood. The district court considered support letters from Davila's family and friends as well as his sentencing memorandum. The mere disagreement with how the district court weighed the sentencing factors does not by itself render a sentence substantively unreasonable. Vaca, 38 F.4th at 724. Viewing the record as a whole, the district court did not abuse its considerable discretion in giving significantly more weight to the numerous aggravating circumstances. The motion to supplement the record is granted.

We affirm the judgment of the district court.

_____